LEINKAUF BANKING CO. v. GRELL, Sheriff.

(Supreme Court, Appellate Division, First Department.   June 21, 1901.)

1. ATTACHMENT—PLEDGED GOODS—REPLEVIN—PLEDGEE'S RIGHTS.
   H. Bros. shipped lumber in part fulfillment of a contract, and immediately drew a draft on the consignee for its value, with bill of lading attached, which they procured plaintiff to discount. The consignees thereafter brought suit against H. Bros. for breach of contract, refused to accept or pay the draft, and attached the lumber on arrival. Plaintiff paid the freight, and claimed the lumber from the sheriff, which was sold under order of court. *Held*, that by the discount of the draft and indorsement of the bill of lading plaintiff became entitled to possession of the lumber as pledgee, and that while the draft remained unpaid H. Bros. had no leviable interest therein, and this though H. Bros. would be entitled to any surplus remaining after applying the proceeds of the sale of the lumber to the payment of the draft.

2. SAME—NOTICE TO SHERIFF—INTEREST OF CLAIMANT—STATEMENT—EFFECT.
   Since the rights of a claimant of attached property in replevin must be determined on the pleadings and proof in that action, it was no fatal variance that the notice to the sheriff stated that the chattels attached were "the property" of claimant, where it in fact held as pledgee, the complaint and proof in the replevin suit disclosing all the facts showing claimant's interest.

Appeal from trial term, New York county.

Replevin by the Leinkauf Banking Company against William F. Grell, as sheriff, etc., to recover property levied on by defendant. From a judgment entered on a directed verdict in favor of plaintiff, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Philip J. Britt, for appellant.
Joseph M. Proskauer, for respondent.

PATTERSON, J.   This action is in replevin, and upon the trial a verdict was directed for the plaintiff for the value of the property, the return of the chattels being impossible by reason of their having been sold under an order of the court pending the action.   From the judgment entered upon the verdict, and from an order denying a motion for a new trial, the defendant appeals.

When suit was brought, the property was in the possession of the sheriff, who had levied upon it under an attachment in an action brought by the Pitch Pine Lumber Company against Hieronymus Bros., which firm had caused the property, consisting of a quantity of lumber, to be shipped from Mobile, Ala., consigned to the Pitch Pine Lumber Company of New York, the shipment being intended as a part performance of a contract for the sale and delivery of a larger quantity of lumber, which had been made between the Pitch Pine Lumber Company and Hieronymus Bros.   There had been a breach of contract on the part of that firm relating to prior deliveries under it.   The Pitch Pine Lumber Company sued for damages for that breach, and the attachment under which the sheriff levied on the property involved herein was issued on March 5, 1900.   On February 9, 1900, Hieronymus Bros. applied to the plaintiff, a cor-

poration of the state of Alabama, to discount a draft for the sum of $1,140.53, which represented the value of the lumber, and which draft was drawn upon the Pitch Pine Lumber Company. Attached to that draft was a bill of lading for the lumber. The discount was granted, and the proceeds of the draft were credited to the account of Hieronymus Bros. with the plaintiff, and the whole amount thus credited was drawn out upon checks of Hieronymus Bros. When the sheriff levied upon the property on the arrival of the shipment at New York, which was about a month after the transaction of Hieronymus Bros. with the plaintiff, the latter served a notice upon the sheriff, dated March 7, 1900, in which, among other things, it stated that the chattels were the property of the Leinkauf Banking Company. This action, according to the date of the summons, was brought on the 8th of March, 1900. The complaint sets forth the circumstances under which the plaintiff became possessed of the draft and of the bill of lading, the latter having been indorsed to it by Hieronymus Bros., and alleges that "the lumber was thereupon and thereby transferred and set over to the plaintiff as security for the acceptance and payment of said draft," and that said draft was not accepted or paid, and that the plaintiff is still the owner of the draft and bill of lading, and that it paid the freight charges upon the shipment, and that it held and still holds the right to said lumber as security for said draft and said freight charges, and is entitled to the immediate possession of the lumber. The ordinary allegations in an action of replevin are also contained in the complaint. The answer contains denials of the allegations of the complaint, and sets up the right to retain the property under the attachment before referred to, and also, on information and belief, that the goods and chattels attached were at the time of the levy the property of Hieronymus Bros., or that they had a leviable interest therein, and that the lumber was "liable to be levied upon and taken under" the attachment. On the trial some proof was given by the defendant to show the nature and condition of the general bank account of Hieronymus Bros. with the plaintiff, from which it was claimed that the plaintiff was not a bona fide holder for value of the draft and the bill of lading, but it is entirely apparent from the whole case that this transaction between Hieronymus Bros. and the plaintiff was none other than the ordinary commercial one of an advance of money upon merchandise by discounting a draft. There is nothing in the nature of the transaction, or of the circumstances surrounding it, to show any other situation. It is altogether immaterial what the condition of the general bank account of Hieronymus Bros. with the plaintiff was. The proof shows the transaction to have been an independent and separate thing, unaffected by any consideration of the firm of Hieronymus Bros. being otherwise a debtor or creditor of the plaintiff. By the discount of the draft and the transfer by indorsement to the plaintiff of the bill of lading, the plaintiff became entitled to the possession of the merchandise while the draft remained unpaid, and it was the pledgee of that merchandise. The sheriff could not lawfully take it from the possession of the pledgee. The possession had been transferred

by the owner, and, as said before, the money having been advanced. upon the faith of the bill of lading by the discount of the draft,. the legal title to the property passed, and the transfer of the bill of lading was the same as an actual change of possession of the· property. Bank v. Jones, 4 N. Y. 497; City Bank v. Rome, W. &. O. R. Co., 44 N. Y. 136; Bank v. Daniels, 47 N. Y. 631; Bank v. Wright, 48 N. Y. 1; Bank v. Kelly, 57 N. Y. 37; Merchants' Bank of Canada v. Union R. & Transp. Co., 69 N. Y. 379; Bank v. Pfeiffer,. 108 N. Y. 242, 15 N. E. 311. That Hieronymus Bros. would have· had some interest in the surplus, if any remained after the application of proceeds of sale of the lumber to the payment of the draft was made, could not give the sheriff a right to take the lumber from the possession of the plaintiff. It is plain, under the proofs in this case, that the plaintiff was entitled to the possession of the property at the time it was taken by the sheriff, and that there was· no interest of Hieronymus Bros. in that property which could authorize the sheriff to take it from the possession of the plaintiff, and hold it under the attachment process.

It is further objected to the judgment that the plaintiff cannot recover in this action because the nature of the claim, as stated in the complaint, differs from the claim as asserted in the notice given to the sheriff by the plaintiff when the attachment was levied in the· Pine Lumber Company's action against Hieronymus Bros. There is no actual and necessary inconsistency between those claims. The notification given to the sheriff was that said chattels are "the property" of the said Leinkauf Banking Company. That is but a general statement, which was technically correct; but in the complaint in this action, and in the affidavit connected with the replevin process, the nature of the property right is amplified and. stated more definitely and precisely. There was no surprise caused to the defendant, and nothing has been done to his detriment in consequence of any difference, if there be any, in the attitudes taken by the plaintiff with respect to the lumber. The case of Hudson v. Swan, 83 N. Y. 552, does not apply. That was an action in replevin, in which in the complaint and upon the trial the plaintiff claimed as absolute owner, and it was held that he must stand or fall on that claim, and that when it appeared that, as against the true owner, his claim was invalid, he could not fall back upon an alleged lien, and that by claiming as owner he waived the lien. But there is no variance in this case between the proofs and the pleadings. The facts relating to the plaintiff's right as pledgee are alleged in the· complaint, and were proven in accordance with its allegations. The rights of the plaintiff are to be determined upon the pleadings and proofs in this action, and cannot be defeated by the supposed difference between the notice given to the sheriff and the cause of action as set out in the complaint.

The judgment and order appealed from must be affirmed, with. costs. All concur.